United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YASUYUKI NAGAO,<br><br>    Plaintiff,<br><br>  v.<br><br>CHRISTINA POULOS, District Director, California Service Center, U.S. Citizenship & Immigration Services,<br><br>    Defendant.<br>_____/ | No. C-06-3539 MMC<br><br>**ORDER AFFORDING PARTIES OPPORTUNITY TO FILE SUPPLEMENTAL BRIEFING RE: DEFENDANT'S MOTION TO DISMISS; VACATING HEARING**<br><br>(Docket No. 4) |

  Before the Court is defendant's motion, filed August 17, 2006, to dismiss the instant action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has filed opposition to the motion; defendant has filed a reply.

  In the instant action, plaintiff seeks a writ of mandamus directing defendant to adjudicate plaintiff's petition for naturalization, which the parties agree was filed on or about February 14, 1996.  Defendant moves to dismiss the action on the ground plaintiff's file has been closed, and, consequently, there is no pending application to adjudicate.  In particular, defendant argues said file was closed after plaintiff failed to appear for a scheduled examination in July 1996.  See 8 C.F.R. 335.6 (providing application for naturalization may be "administratively closed" if applicant fails to appear for examination).  The evidence submitted by defendant is insufficient to demonstrate the asserted closure.

In its reply, however, defendant raises the additional argument that even if plaintiff's application for naturalization is still pending, defendant is statutorily barred from considering the application because plaintiff is currently in removal proceedings. See 8 U.S.C. § 1429 ("[N]o application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest[.]"). As this argument was first raised in defendant's reply, plaintiff has not had an opportunity to file a response.

Accordingly,

1. No later than October 13, 2006, plaintiff may file a surreply of not more than ten pages, addressing the applicability of 8 U.S.C. § 1429.

2. No later than October 20, 2006, defendant may file a response to plaintiff's surreply, such response not to exceed seven pages.

3. The October 6, 2006 hearing on the motion to dismiss is hereby VACATED; the motion will be determined without oral argument, unless the Court, after reviewing the parties' supplemental memoranda, determines oral argument would be of assistance.

**IT IS SO ORDERED.**

Dated: September 29, 2006

MAXINE M. CHESNEY
United States District Judge

2