United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YASUYUKI NAGAO, | No. C-06-3539 MMC |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | (Docket No. 4) |
| CHRISTINA POULOS, District Director, California Service Center, U.S. Citizenship & Immigration Services, | |
| Defendant. | |
| _____/ | |

     Before the Court is defendant's motion, filed August 17, 2006, to dismiss the instant action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has filed opposition to the motion; defendant has filed a reply. On September 29, 2006, the Court issued an order affording plaintiff an opportunity to file a surreply addressing the applicability of 8 U.S.C. § 1429, and afforded defendant the opportunity to file a response to plaintiff's surreply. Plaintiff has filed a surreply; defendant has filed a response to plaintiff's surreply.

     In the instant action, plaintiff seeks a writ of mandamus directing defendant to adjudicate plaintiff's petition for naturalization, which the parties agree was filed on or about February 14, 1996. As defendant correctly argues, however, because an immigration judge has ordered plaintiff's removal, (see Olsen Decl. Ex. A), defendant is statutorily

barred from considering plaintiff's petition for naturalization.  See 8 U.S.C. § 1429 ("[N]o person shall be naturalized against whom there is outstanding a final finding of deportability . . . ; and no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding[.]"); De Lara Bellajaro v. Schiltgen, 378 F.3d 1042 (9th Cir 2004) (affirming dismissal of petition for naturalization, pursuant to § 1429; noting "removal proceedings and final removal orders are to take precedence over naturalization applications") (internal quotation and citation omitted).

Plaintiff argues that the government should be equitably estopped from relying on § 1429 because of its lengthy delay in considering plaintiff's application for naturalization. Plaintiff contends that "[h]ad defendant performed its duties in a reasonable fashion with due diligence, plaintiff would be a United States citizen and would not face the permanent banishment that awaits him now." (See Surreply at 2:13-15.)

Equitable estoppel "is available against a non-governmental party who has made a knowing false representation or concealment of material facts to a party ignorant of the facts, with the intention that the other party should rely on it, where the other party actually and detrimentally relies on it." See Mukherjee v. INS, 793 F.2d 1006, 1008 (9th Cir. 1986). A party "asserting estoppel against the federal government bears additional burdens," however. See id. "First, estoppel against the government must rest on affirmative misconduct going beyond mere negligence." Id. (internal quotation and citation omitted). "Affirmative misconduct" is defined "to mean a 'deliberate lie' or 'a pattern of false promises.'" See Socop-Gonzalez v. INS, 272 F.3d 1176, 1184 (9th Cir. 2001) (en banc). "Proof only that the Government failed to process promptly an application falls far short" of establishing affirmative misconduct.  See INS v. Miranda, 459 U.S. 14, 19 (1982) (finding no equitable estoppel where government's delay in processing petition for spousal immigrant visa exceeded length of marriage).  "Furthermore, estoppel will apply only where the government's wrongful act will cause a serious injustice, and the public's interest will not suffer undue damage by imposition of the liability." Mukherjee, 793 F.2d at 1008-09 (finding no basis for equitable estoppel where government official provided erroneous

information about requirements for permanent residence).

Here, there is no allegation that the government "deliberate[ly] lie[d]" or engaged in "a pattern of false promises" to plaintiff, much less that plaintiff relied on any such representations to his detriment. Consequently, there is no basis for application of the doctrine of equitable estoppel.

Accordingly, defendant's motion to dismiss the instant action is hereby GRANTED and the instant action is hereby DISMISSED.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October 23, 2006

MAXINE M. CHESNEY
United States District Judge